IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LORENZA GARCIA and | § | |
| JOSE GARCIA, | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CASE NO. 7:15-cv-456 |
| | § | |
| GREAT LAKES REINSURANCE (UK) | § | |
| PLC and GENTRY AND ASSOCIATES | § | |
| CLAIMS SERVICES, INC., | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

GREAT LAKES REINSURANCE (UK) SE (formerly known as Great Lakes Reinsurance (UK) PLC) ("Great Lakes"), Defendant in a cause styled *Lorenza Garcia and Jose Garcia v. Great Lakes Reinsurance (UK) PLC and Gentry and Associates Claims Services, Inc.*, originally pending as Cause No. C-4758-15-F in the 332nd Judicial District Court of Hidalgo County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, McAllen Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

### I.     NATURE OF THE PENDING STATE CASE

1.     On or about September 18, 2015, Plaintiffs filed a civil action against Defendant styled *Lorenza Garcia and Jose Garcia v. Great Lakes Reinsurance (UK) PLC and Gentry and Associates Claims Services, Inc.* under Cause No. C-4758-15-F in the 332nd Judicial District Court of Hidalgo County, Texas.

2.     That matter is an insurance dispute, wherein Plaintiffs allege in their Original Petition that their property, located at 716 Dana Street, San Juan, Texas, and insured under a policy issued by Defendant, sustained significant damage during a hailstorm occurring on or about April 20, 2012. Plaintiffs further allege, *inter alia*, that Defendants Great Lakes and Gentry and Associates Claims Services, Inc. ("Gentry"), with the help of an "Unknown Adjuster" violated the Texas Insurance Code in the investigation and handling of an insurance claim for alleged damages to Plaintiffs' real property. Plaintiffs also allege breach of contract and breach of the duty of good faith and fair dealing against Great Lakes only.

3.     Defendant has attached hereto the documents required to be filed with this Notice of Removal.[1]

## II.     JURISDICTION

4.     Pursuant to 28 U.S. Code § 1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, McAllen Division, because it is the District and Division embracing the place where such action is pending. In support thereof, Defendant would show that this action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

5.     Plaintiffs seek monetary relief in excess of $200,000.00, but not more than $1,000,000.00.[2]

6.     Plaintiffs' Original Petition confirms that they are citizens of Texas.[3] Plaintiffs' Original Petition also confirms that Defendant Great Lakes is not a citizen of Texas.[4]

---

[1] Plaintiffs' Original Petition and Process, attached hereto as Exhibit "A;" State Court Docket Sheet, attached hereto as Exhibit "B;" and List of All Counsel of Record, attached hereto as Exhibit "C."
[2] *Id.*, at ¶ 6.
[3] Exhibit A, at ¶ 3.
[4] *Id.*, at ¶ 4.

7.      In an attempt to defeat diversity jurisdiction, Plaintiffs also named Gentry as a Defendant. Plaintiffs allege that Gentry is a domestic company.[5] However, as further shown below, the Court must disregard Gentry's citizenship because it was fraudulently/improperly joined as a Defendant by Plaintiffs.

8.      Consent to or joinder in this removal by Gentry is unnecessary because it was fraudulently/improperly joined.[6]

9.      Federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse defendant.[7] Citizenship of an improperly joined defendant is totally disregarded in determining the Court's jurisdiction.[8]

10.     To demonstrate improper joinder of a non-diverse defendant, "the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[9] The threshold question for the latter is whether there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10] "A 'reasonable basis' means more than a mere a hypothetical basis."[11] In determining whether a "reasonable basis" exists to allow for a recovery against the instate defendant, the court may conduct a Rule 12(b)(6)-type analysis,[12] or "pierce the pleadings and consider summary

---

[5] *Id.*, at ¶ 5.
[6] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).
[7] *Hayden v. Allstate Texas Lloyds*, CIV.A.H-10-646, 2011 WL 240388, at *3 (S.D. Tex. Jan. 20, 2011).
[8] *Id., see also Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, CIV.A. H-10-4134, 2011 WL 2162321 (S.D. Tex. June 2, 2011) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003)).
[9] *Hayden*, 2011 WL 240388, at *3 (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)).
[10] *TAJ*, 2011 WL 2162321 at *1 (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[11] *Id.*; *Hayden*, 2011 WL 240388, at *3 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").
[12] *Smallwood* 385 F.3d at 573.

judgment type evidence to identify discrete and undisputed facts that would bar recovery by Plaintiff."[13]

11.    Until recently, United States District Courts in Texas analyzed improper joinder issues under two competing pleading standards: (1) the federal pleading standard via a 12(b)(6) analysis, wherein "a formulaic recitation of the elements of a cause of action will not do," and plaintiffs must provide grounds for entitlement to relief through pleadings that contain "more than labels and conclusions;"[14] and (2) the Texas state pleading standard,[15] which originates in Rules 45 and 47 of the Texas Rules of Civil Procedure[16] and has been interpreted by the Supreme Court of Texas as an examination of "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."[17]

12.    However, there has been a recent trend among Texas federal courts toward an amalgamated standard for analysis of pleading sufficiency in the context of improper joinder, with deference to both the 12(b)(6)-type analysis borne out of *Smallwood*, *supra*, and the broader standard found under the Texas Rules.[18] This is particularly so in light of the Texas Supreme Court's 2013 adoption of Rule 91a of the Texas Rules of Civil Procedure, a "failure to state a claim" rule allowing for dismissal of baseless actions which Texas appellate courts have held is substantially the same as its federal counterpart.[19] Indeed, in applying Rule 91a, Texas courts

---

[13] *Hayden*, 2011 WL 240388, at *6; *see also Anderson v. Georgia Gulf Lake Charles, LLC,* 342 Fed. Appx. 911, 915-916 (5th Cir. 2009).

[14] *Hayden*, 2011 WL 240388, at *6 (quoting *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007)).

[15] *See, e.g., Edwea, Inc. v. Allstate Ins. Co.*, No. H–10–2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[16] "[A] statement in plain and concise language of the plaintiff's cause of action," and "a short statement of the cause of action sufficient to give fair notice of the claim involved," respectively.

[17] *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

[18] *See, e.g., Hayden*, 2011 WL 240388; *Monclat Hospitality, LLC v. Landmark Am. Ins. Co.*, 4:15-CV-632-A, 2015 WL 5920757, at *3 (N.D. Tex. Oct. 8, 2015).

[19] *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014) ("[91a] allows a state court to do what a federal court is allowed to do under [12(b)(6)]. The standard for pleading in

have interpreted the analysis required thereunder as analogous to federal Rule 12(b)(6), and have relied on federal case law for guidance.[20] This approach conforms with the Texas Supreme Court's recognition that the "fair notice" state pleading standard may be less stringent, but it does not excuse plaintiffs from providing any factual basis at all: "A petition is sufficient if it gives **fair and adequate notice of <u>the facts</u> upon which the pleader bases his claim**."[21]

13.     For example, in *Hayden v. Allstate Texas LLoyd's*, a court in the Southern District of Texas applying the "fair notice" standard to pleadings almost identical to Plaintiffs' in this matter acknowledged the leeway provided under the state standard, but ultimately denied the plaintiff's motion to remand.[22] Citing the Texas Supreme Court's reference to fair notice "of the facts upon which the pleader bases his claim"[23] discussed above, the *Hayden* court counterbalanced the breadth of the Texas standard against the importance of avoiding fraudulent joinder:

> [W]hen the issue to be decided is whether an individual has been improperly joined in order to defeat diversity, and the Court considers, in this light, whether the factual allegations give fair and adequate notice of a claim, the facts pled become crucial. If Plaintiff merely names a non-diverse individual as a party and recites the words of the statute without pointing out facts that

---

Texas is still fair notice; however, fair notice must now be judged in the context of Rule 91a."); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex.App.—Beaumont 2014, pet. denied).

[20] *Id. See also Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180 (Tex. App.—Houston [14th Dist.] 2015), *review denied* (Oct. 16, 2015) (Upholding dismissal under Rule 91a where Plaintiff's pleading contained mere threadbare recital of the elements of a fraudulent inducement claim without factual basis: "[Plaintiff] recites the elements of a fraud claim but includes no supporting facts… fails to allege any misrepresentations that were made or any facts that were concealed or undisclosed in order to induce him into executing the contract."); *Drake v. Walker*, No. 05–14–00355–CV, 2015 WL 2160565, at *2–3 (Tex.App.—Dallas May 8, 2015, no pet.)(mem. op., not designated for publication); *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex.App.—Houston [14th Dist.] 2014, pet. denied) (finding "case law interpreting Rule 12(b)(6) instructive" for Rule 91a analysis, and agreeing that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *GoDaddy.com, LLC* 429 S.W.3d at 754–55.

[21] *Auld*, 34 S.W.3d at 897 (emphasis added); *Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013), *reh'g denied* (June 21, 2013); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 346 (Tex. 2011); *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347 (Tex. 1995); *Troutman v. Traeco Bldg. Sys., Inc.*, 724 S.W.2d 385, 387 (Tex. 1987); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982).

[22] *Hayden*, 2011 WL 240388, at *7-8.

[23] *Id.*, at *7.

establish the claim, the paucity of factual allegations leads to the conclusion that the non-diverse individual has been named merely to defeat diversity.[24]

14. Likewise in *Bart Turner & Associates v. Krenke*, a court in the Northern District of Texas applying the Texas standard reached the same conclusion in denying the plaintiffs' motion to remand: "At a minimum, a claim or cause of action must assert basic facts as a starting point on which to build. Here, there are not even minimal facts for a reasonable person to understand the factual bases for Plaintiffs' claims against [the non-diverse defendant]."[25]

15. Finally, and most importantly, the Fifth Circuit's opinion in *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*[26] employs a similar standard. In that case, the District Court denied the plaintiff's motion for remand, finding that plaintiff failed to plead facts tying the non-diverse defendant to the allegations."[27] In analyzing the District Court's denial of remand, the Fifth Circuit held that "fair notice" is the proper pleading standard for improper joinder analyses in Texas federal cases, but deviated from the Texas standard in a way that echoes the conclusions of the *Hayden* and *Krenke* decisions. Citing the *Hayden* Opinion's interpretation of "fair notice," the Court found the plaintiff's pleadings insufficient to state a claim under each Texas state law cause of action, because plaintiff failed to allege necessary elements of each.[28] While only a minor deviation from the settled tenet of Texas law that a cause of action should be upheld even if an element is not specifically alleged,[29] it represents a heightened requirement of factual bases for claims that becomes clear in the Court's treatment of the plaintiff's fraud allegations, where it unequivocally held that plaintiff's failure to clearly

---

[24] *Hayden*, 2011 WL 240388, at *8.
[25] *Krenke*, 2014 WL 1315896, at *6.
[26] 800 F.3d 143 (5th Cir. 2015).
[27] *Id.*
[28] *Id.*, at 149-150.
[29] *SmithKline Beecham Corp.*, 903 S.W.2d at 354; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *Roark,* 633 S.W.2d at 809.

identify the alleged misrepresentation made by the non-diverse defendant prevented an opposing attorney of reasonable competence from determining the nature of the claim.[30]

16.    Plaintiffs' allegations against Gentry in the instant matter not only contain far less factual information than those found to be insufficient by the Fifth Circuit in *United Energy Group*, they contain no accompanying facts at all,[31] amounting to nothing more than a muddled list of conclusory allegations that recite the language of the Texas Insurance Code[32] and rely almost entirely on equally conclusory allegations against an "Unknown Adjuster." Moreover, Plaintiffs fail to distinguish the alleged wrongful conduct of Gentry and the "Unknown Adjuster" from that of Great Lakes,[33] choosing instead to impermissibly lump the diverse and non-diverse Defendants together in undifferentiated liability averments that also blindly parrot the Insurance Code.[34]

17.    Plaintiffs' pleadings do not even begin to allow Defendant to make the necessary firm determination[35] of the alleged acts, omissions, or misrepresentations complained of by Plaintiffs, when and where they may have taken place, or which of the Defendants and/or employees or representatives were involved. Quite simply, these "allegations" regarding Gentry and (particularly) the "Unknown Adjuster" fail to provide a reasonable basis for this Court to predict that Plaintiffs might be able to recover against either. Gentry was therefore improperly joined, which completes diversity of the parties, and in conjunction with the satisfied amount in controversy renders removal proper under.

---

[30] *Id.*, at 150.
[31] *See*, Exhibit A, at ¶ 16 – 32.
[32] *Id.*; *Hayden*, 2011 WL 240388, at *8.
[33] *United Energy Group*, 800 F.3d at 150.
[34] *See*, Exhibit A, at ¶ 16 – 32; *Studer v. State Farm Lloyds*, 4:13CV413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir.2004); *Green v. Nationwide Mut. Ins. Co.*, No. A–12–CV–600 LY, 2012 WL 5188031, at *4–5 (W.D.Tex. Oct. 17, 2012).
[35] *United Energy Group*, 800 F.3d at 150.

### III.   TIMING OF REMOVAL

18.    Great Lakes was served with Plaintiffs' Original Petition on or about October 7, 2015.  This Notice of Removal is being filed within 30 days of service of the petition upon Great Lakes pursuant to 28 U.S.C. § 1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S. Code § 1446(c).

19.    This Notice is therefore timely filed.

### IV.   NOTICE TO ADVERSE PARTIES AND STATE COURT

20.    As the removing party, Great Lakes will give Plaintiffs prompt written notice of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

21.    Great Lakes will also file a copy of this Notice of Removal with the 332nd Judicial District Court of Hidalgo County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

### V.   ANSWER

22.    Great Lakes has not filed any responsive pleadings in the state court action, except the Notice of Removal as required by the Federal Rules of Civil Procedure. Great Lakes will file its Answer to Plaintiffs' lawsuit in the near future.

### VI.   JURY DEMAND

23.    Great Lakes hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VII.   CONCLUSION AND PRAYER

24.    In light of the foregoing, Defendant Great Lakes respectfully removes this civil action styled *Lorenza Garcia and Jose Garcia v. Great Lakes Reinsurance (UK) PLC and*

*Gentry and Associates Claims Services, Inc.* under Cause No. C-4758-15-F in the 332nd Judicial District Court of Hidalgo County, Texas.

18.     Great Lakes prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Les Pickett*
Les Pickett
   Federal I.D. No. 14306
   State Bar No. 15980520
Jake Kauffman
   Federal I.D. No. 2348262
   State Bar No. 24080594

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,**
**GREAT LAKES REINSURANCE (UK) SE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served t the following  via certified mail, return receipt requested on this 29th day of October 2015:

***Via CMRRR #9171 9690 0935 0105 7127 99***
Brandon D. Morris
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058

*/s/ Jake Kauffman*
Les Picket
Jake Kauffman