C-4758-15-F

## 332ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**GREAT LAKES REINSURANCE (UK) PLC**
**REGISTERED AGENT**
**ALEXIS N. BURGESS**
**1800 CENTURY PARK EAST SUITE 1400**
**LOS ANGELES, CA 90067**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Mario E. Ramirez, Jr., 332nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 18th day of September, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-4758-15-F, **LORENZA GARCIA AND JOSE GARCIA VS. GREAT LAKES REINSURANCE (UK) PLC, GENTRY AND ASSOCIATES CLAIMS SERVICES, INC.**

Said Petition was filed in said court by BRANDON MORRIS; BRANDON MORRIS, 1110 NASA PKWY STE 620 HOUSTON TX 77058.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of September, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Alexis Bonilla*

**ALEXIS BONILLA, DEPUTY CLERK**

EXHIBIT A

## C-4758-15-F
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

EXHIBIT A

C-4758-15-F

## 332ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Gentry and Associates Claims Services, Inc.**
**REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH ST STE 620**
**AUSTIN TX 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Mario E. Ramirez, Jr., 332nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 18th day of September, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-4758-15-F, **LORENZA GARCIA AND JOSE GARCIA VS. GREAT LAKES REINSURANCE (UK) PLC, GENTRY AND ASSOCIATES CLAIMS SERVICES, INC.**

Said Petition was filed in said court by BRANDON MORRIS; BRANDON MORRIS, 1110 NASA PKWY STE 620 HOUSTON TX 77058.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of September, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**ALEXIS BONILLA, DEPUTY CLERK**

EXHIBIT A

C-4758-15-F
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
    miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

EXHIBIT A

CAUSE NO. C-4758-15-F

| | | |
|---|---|---|
| LORENZA GARCIA AND JOSE GARCIA | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | | |
| v. | § § | HIDALGO COUNTY, TEXAS, |
| GREAT LAKES REINSURANCE (UK) PLC AND GENTRY AND ASSOCIATES CLAIMS SERVICES, INC. | § § § § § § | |
| Defendants. | § | _____ TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lorenza and Jose Garcia ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Great Lakes Reinsurance Company ("Great Lakes") and Gentry and Associates Claims Services, Inc. ("Gentry") (to whom will be collectively referred as "Defendants"), and for their cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### 2.     PARTIES

3.     Plaintiffs are individuals residing in Hidalgo County, Texas.

4.     Defendant Great Lakes Reinsurance is a foreign insurance company engaged in the business of insurance in Texas. This Defendant may be served by its registered agent, Alexis N. Burgess, 1800 Century Park East, Suite 1400, Los Angeles, CA 90067. The

EXHIBIT A

Electronically Filed
8/28/2015 9:30:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

causes of action asserted arose from or are connected with purposeful acts committed by this Defendant.

5. Defendant Gentry and Associates Claims Services, Inc. is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: Corporation Service Company at 211 E. 7th St. STE 620, Austin, TX 78701.

## JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend her petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant Great Lakes because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Gentry because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

9. Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

EXHIBIT A

C-4758-15-F

## FACTS

10.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred

to as "the Policy"), which was issued by Great Lakes.

11.     Plaintiffs own the insured property, which is specifically located at 716 Dana Street., San

Juan, Texas, in Hidalgo County (hereinafter referred to as "the Property").

12.     Great Lakes sold the Policy insuring the Property to Plaintiffs.

13.     On or about April 20, 2012, a hail storm and/or windstorm struck Hidalgo County, Texas,

causing severe damage to homes and businesses throughout the area, including Plaintiffs'

residence ("the Storm").  Specifically, Plaintiffs' roof sustained extensive damage during

the storm.   The Storm also damaged the fascia, soffits, garage door, window screens,

fencing, and air conditioning unit of the Property..

14.     Plaintiffs submitted a claim to Great Lakes against the Policy as referenced in paragraph 9

above, for damages the Property sustained as a result of the hail storm and/or windstorm.

15.  '   Plaintiffs asked that Great Lakes cover the cost of repairs to the Property, including but not

limited to the repairs of the damages set out in paragraph 12.

16.     Defendant Great Lakes assigned Defendant Gentry to adjust the claim.  Defendant Great

Lakes relied on adjusting firms, like Defendant Gentry, to provide adjusters to handle

claims when needed.  Defendant Gentry and/or Defendant Great Lakes then assigned an

unknown adjuster to inspect the property.  The unknown adjuster was improperly trained

and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim.

Specifically, the unknown adjuster conducted a substandard inspection of Plaintiffs'

property. The inadequacy of the unknown adjuster's inspection is evidenced by his failure

to produce a report or account for any of Plaintiffs' damages.  This unknown adjuster's

EXHIBIT A

Case 7:15-cv-00456   Document 1-1   Filed in TXSD on 10/29/15   Page 8 of 30

Electronically Filed
9/28/2015 3:30:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

inadequate investigation was relied upon by Great Lakes in this action and resulted in Plaintiffs' claim being improperly denied.

17. Defendant Gentry failed to adequately train and supervise the unknown adjuster resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Defendant Gentry, along with other Great Lakes personnel, failed to thoroughly review and properly oversee the work of this unknown adjuster ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs' claim was denied although their home suffered damages covered by the policy.

18. Together, Defendants Great Lakes, Gentry, and the unknown adjuster, set about to deny and/or underpay on properly covered damages. Great Lakes, Gentry, and the unknown adjuster misrepresented to Plaintiffs that Plaintiffs' properly covered hail storm and/or windstorm damages were not covered by the policy. Defendants Great Lakes, Gentry, and the unknown adjuster failed to provide any coverage for the damages sustained by Plaintiffs and improperly denied Plaintiffs' claim. As a result of these Defendants' unreasonable investigation, Plaintiffs' claim was improperly denied, and Plaintiffs have suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability

EXHIBIT A

Electronically Filed
9/28/2015 9:30:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

to fully repair their Property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the payment they are entitled to under the Policy.

19.    As detailed in the paragraphs below, Great Lakes wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. .

20.    To date, Great Lakes continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid for the damages to their home.

21.    Defendant Great Lakes failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.  Great Lakes' conduct constitutes a breach of the insurance contract between Great Lakes and Plaintiffs.

22.    Defendants Great Lakes, Gentry, and the unknown adjuster misrepresented to Plaintiffs that damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Great Lakes', Gentry's, and the unknown adjuster's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23.    Defendants Great Lakes, Gentry, and the unknown adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants Great Lakes', Gentry's, and the unknown

EXHIBIT A

Electronically Filed
8/20/15 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

adjuster's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24. Defendants Great Lakes and Gentry failed to explain to Plaintiffs the reasons for their wrongful denial. Specifically, Defendants Great Lakes and Gentryfailed to offer Plaintiffs compensation, without any explanation why payment was not being made. Furthermore, Defendants Great Lakes and Gentry did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The Conduct of Defendants Great Lakes and Gentry is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25. Defendants Great Lakes and Gentryfailed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the claim, in writing from Defendants Great Lakes and Gentry.. The conduct of Defendants Great Lakes and Gentry constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26. Defendants Great Lakes and Gentry refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Great Lakes and Gentry failed to conduct a reasonable investigation. Specifically, Defendants Great Lakes and Gentry performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Defendants

EXHIBIT A

Case 7:15-cv-00456 Document 1-1 Filed in TXSD on 10/29/15 Page 32 of 50

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

Great Lakes and Gentry constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27.     Defendant Great Lakes failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Great Lakes' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.     Defendant Great Lakes failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Great Lakes' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.     Defendant Great Lakes failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not received full payment for his claim. Great Lakes' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30.     From and after the time Plaintiffs' claim was presented to Defendant Great Lakes, the liability of Great Lakes to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Great Lakes has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

EXHIBIT A

Case 7:15-cv-00456   Document 1-1   Filed in TXSD on 10/29/15   Page 12 of 30

Electronically Filed
10/13/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

deny the full payment. Great Lakes' conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.  Defendants Great Lakes and Gentry knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.  As a result of Defendants Great Lakes' and Gentry's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT GENTRY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33.  Defendant Gentry's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.  Defendant Gentry's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.  Defendant Gentry's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition

EXHIBIT A

Electronically Filed
8/28/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.   Defendant Gentry's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

37.   Defendant Gentry's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.   Defendant Gentry's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST GREAT LAKES

39.   Defendant Great Lakes is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

40.   Defendant Great Lakes' conduct constitutes a breach of the insurance contract made between Great Lakes and Plaintiffs.

Page 9

EXHIBIT A

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

41.    Defendant Great Lakes' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Great Lakes' insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42.    Defendant Great Lakes' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

43.    Defendant Great Lakes' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

44.    Defendant Great Lakes unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Great Lakes' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45.    Defendant Great Lakes' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

EXHIBIT A

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

46.    Defendant Great Lakes' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

47.    Defendant Great Lakes' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

48.    Defendant Great Lakes' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

49.    Defendant Great Lakes' failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

50.    Defendant Great Lakes' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

51.    Defendant Great Lakes' delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount

EXHIBIT A

C-4758-15-F

of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

<h3 align="center">ACTS CONSTITUTING ACTING AS AGENT</h3>

52. As referenced and described above, and further conduct throughout this litigation and lawsuit, Gentry and the unknown adjuster are agents of Great Lakes based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

53. Separately, and/or in the alternative, as referenced and described above, Great Lakes ratified the actions and conduct of Gentry and the unnknown adjuster including the completion of their duties under the common law and statutory law.

<h3 align="center">BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</h3>

54. Defendant Great Lakes' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

55. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Great Lakes' (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Great Lakes, like other insurers, controls entirely the evaluation, processing and denial of claims.

56. At the time of the unknown adjuster's inspection and/or investigation, upon which Great Lakes relied entirely for its investigation, evaluation, and settling of Plaintiffs' claim, the unknown adjuster repeatedly tried to wrongfully minimize Plaintiffs' losses. For example,

EXHIBIT A

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

the unknown adjuster failed to include any of Plaintiffs' covered damages, failed to produce a report, and failed to give Plaintiffs' an adequate explanation as to why the claim was denied. Great Lakes ultimately approved the denial which was made without a report being produced. These are examples of Great Lakes' bad faith. By not accounting for all the covered damages, Gentry, the unknown adjuster, and Great Lakes did not inspect and evaluate Plaintiffs' home as if it were their own home. Great Lakes' investigation and evaluation was not reasonable, thus, Great Lakes lacked a reasonable basis for denying Plaintiffs' covered damages. Great Lakes' overall conduct in handling Plaintiffs' claim was not reasonable.

57. Defendant Great Lakes' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Great Lakes knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

58. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

59. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

60. As previously mentioned, the damages caused by the April 20, 2012, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to

EXHIBIT A

Case 7:15-cv-00456   Document 1-1   Filed in TXSD on 10/29/15   Page 18 of 30
Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4758-15-F

Plaintiffs. These damages are a direct result of Defendants Great Lakes', Gentry's and Unknown adjuster's mishandling of Plaintiffs' claim in violation of the laws set forth above.

61.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

62.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

63.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

64.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

EXHIBIT A

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

## WRITTEN DISCOVERY

66.   This matter will be governed by the Standing Pretrial Order Concerning Hidalgo County Residential Hail Claims.  Pursuant to the Court's Order, a copy is attached to *Plaintiffs' Original Petition* as "Exhibit 1."

67.   The Order Assigning Cases for Pretrial Matters Concerning Hidalgo County Residential and Commercial Hail Claims is attached to *Plaintiffs' Original Petition* as "Exhibit 2."

### REQUESTS FOR DISCLOSURE

68.   Under Texas Rules of Civil Procedure 194, Plaintiffs hereby requests Defendant Great Lakes and Defendant Gentry each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

Page 15

EXHIBIT A

Electronically Filed
8/20/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4758-15-F**

**By:** /s/ *Brandon Morris*

Brandon D. Morris
State Bar of Texas Number: 24092860
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
***ATTORNEY FOR PLAINTIFFS***
***JOSE and LORENZA GARCIA***

Page 16

EXHIBIT A

**C-4758-15-F**

# EXHIBIT NO. 1

EXHIBIT A

C-4758-15-F

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ____<sup>TH</sup> JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A. This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B. Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C. Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are , Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D. Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

EXHIBIT A

## C-4758-15-F

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E. Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F. Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

EXHIBIT A

**C-4758-15-F**

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.  Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.  The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.  Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.  The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 20th day of February, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramón, Jr.

*(signatures continued on next page)*

EXHIBIT A

**C-4758-15-F**

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

EXHIBIT A

C-4758-15-F

# EXHIBIT NO. 2

EXHIBIT A

C-4758-15-F

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___TH JUDICIAL DISTRICT COURT |

## ORDER ASSIGNING CASES FOR PRETRIAL MATTERS CONCERNING HIDALGO COUNTY RESIDENTIAL AND COMMERCIAL HAIL CLAIMS

The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential and commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012. The most efficient and consistent manner for allocating the various matters among the three pretrial courts is to divide and assign the cases based on the named insurance carrier defendant. Accordingly, each of the pretrial courts is hereby assigned to handle pretrial matters in the subject Hidalgo County residential and commercial hail claims, as follows:

The 93rd Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:
1. State Farm entities
2. Homeowners of America
3. National Lloyds
4. Fred Loya Insurance
5. Standard Guaranty
6. Geovera
7. Southern Vanguard
8. Balboa
9. Republic Group
10. USAA

**\*\*\*ALL OTHER INSURANCE CARRIERS NOT ASSIGNED UNDER THIS ORDER ARE ASSIGNED TO THE 93RD JUDICIAL DISTRICT COURT FOR PRETRIAL MATTERS.\*\*\***

The 206th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:
1. Farmers Insurance entities
2. Foremost Insurance entities
3. Hocheim Prairie
4. Certain Underwriters
5. Meritplan
6. Underwriters at Lloyds
7. Scottsdale Insurance Co.
8. American Hallmark

EXHIBIT A

C-4758-15-F

    9. Lloyds of London
   10. Texas FAIR Plan Association
   11. Standard Guaranty
   12. Priority One
   13. Progressive Insurance Co.
   14. Lexington
   15. Nationwide

The 370th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

    1. Allstate entities
    2. Wellington
    3. America First
    4. Cypress Texas Lloyds
    5. American Risk
    6. Germania
    7. Pronto Insurance Co.
    8. ASI Lloyds
    9. Hartford
   10. Companion
   11. Frontier
   12. Safeco
   13. Travelers
   14. Liberty Mutual
   15. Universal
   16. Ranchers & Farmers

It is further ORDERED that the parties are urged to attempt to agree on discovery matters, including written discovery disputes and the number and scope of depositions. However, if the parties are unable to reach a consensus regarding global or institutional discovery disputes, the presiding administrative judge for Hidalgo County District Courts will work in conjunction with the pre-trial judges to establish uniform parameters for discovery in all cases controlled by this pretrial order.

Signed this 28th day of February, 2013.

93rd District Court, Judge Rudy Delgado

139th District Court, Judge Roberto Flores

206th District Court, Judge Rosa Guerra Reyna        *(signatures continued on next page)*

EXHIBIT A

C-4758-15-F

275th District Court, Judge Juan Partida

332nd District Court, Judge Marlo E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramon, Jr.

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

EXHIBIT A

Electronically Filed
9/18/2015 9:50:23 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* __C-4758-15-F__   **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Lorenza Garcia and Jose Garcia v. Great Lakes Reinsurance (UK) PLC and Gentry and Associates Claims Services, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Plaintiff(s)/Petitioner(s): |
|---|---|---|
| Brandon Morris | brandon@simplyjustice.com | Lorenza Garcia |

**Person or entity completing sheet is:**
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Lorenza Garcia
Jose Garcia

Address: 1110 Nasa Parkway, Suite 620
Telephone: 281-532-5229

City/State/Zip: Houston, Texas 77058
Fax: 281-402-3534

Defendant(s)/Respondent(s):
Great Lakes Reinsurance (UK) PLC
and Gentry and Associates Claims
Services, Inc.

[Attach additional page as necessary to list all parties]

Signature: _____
State Bar No: 24092860

**Additional Parties in Child Support Case:**

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- [x] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

EXHIBIT A

Rev 2/13